# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

Albert L. Baker,

            Petitioner,

            v.                                     Case No. 3:16-CV-204 JVB

Superintendent,

            Respondent.

## OPINION AND ORDER

Albert L. Baker, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 15-09-19) where a disciplinary hearing officer (DHO) at the Miami Correctional Facility found him guilty of Possession of Security Threat Group Material on September 30, 2015. As a result, he was sanctioned with the loss of 60 days earned credit time and demoted to Credit Class 2. Baker raises three grounds in his petition, but they are all interrelated. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Baker explains that on August 30, 2015, he returned to his cell to find Latino Gang literature on the floor. He told his cellmate to put it away. The next day, during an inspection, this literature was found behind a collage of pictures. It and some German language material were confiscated. He and his cellmate were written up. At his hearing, the German materials could not be located and the gang literature was in his cellmate's case file.

In Ground One, Baker argues that it was a due process error to have taken the gang literature from the other file for use in his case. It was not. Though *Wolff v. McDonnell*, 418 U.S.

539 (1974), requires that an inmate be given notice of the factual basis of the charges against him, federal constitutional due process does not specify where the evidence must be stored.

In Ground Two, Baker argues that it was a due process error for the DHO to have denied him a continuance to obtain a statement from his cellmate taking responsibility for the Gang literature. It was not. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires that an inmate be given 24-hour advance written notice of the factual basis of the charges against him, it does not require that he be granted a continuance. "*Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the court of appeals not to add to the procedures required by *Wolf*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners." *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Moreover, Baker's description of events makes it clear that both he and his cellmate possessed the Gang literature.

In Ground Three, Baker argues that it was a due process error for the DHO to have denied that a confiscation slip was written for the missing German language materials. He has attached a copy of the confiscation slip proving that it existed. However, the German language materials are irrelevant to whether he is guilty of possessing Security Threat Group material. Without regard to whether the German language materials were also prohibited, the Latino Gang literature was. Though the DHO may have been mistaken about the existence of a confiscation slip for the German language materials, that is not a basis for overturning the finding that Baker was guilty of possessing the Latino Gang literature which was Security Threat Group material.

If Baker wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the

2

court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case. Albert L. Baker is **DENIED** leave to proceed in forma pauperis on appeal.

SO ORDERED on April 24, 2017.

  s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE